**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MATTHEW M. GONZALES** | § | |
| | § | |
| **V.** | § | **A-10-CA-335 SS** |
| | § | |
| **H. E. BUTT GROCERY COMPANY** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff's Application to Proceed *In Forma Pauperis* (Clerk's Doc. No. 1); Plaintiff's Motion to Extend the EEOC Right to Sue Statute of Limitations (Clerk's Doc. No. 2); and Request for Appointment of Counsel (Clerk's Doc. No. 3). The District Court referred the above motions to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  Application to Proceed *In Forma Pauperis***

After considering Plaintiff's financial affidavit the Court finds that Plaintiff is indigent. Accordingly, the Court HEREBY GRANTS Plaintiff *in forma pauperis* status. However, before the Court orders that his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1), and orders the Clerk to issue summons in this case, the Court must perform a frivolousness review.

**II. Section 1915(e)(2) Frivolousness Review**

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under 28 U.S.C. §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or

appeal is frivolous . . . ." "A district court may dismiss under § 1915 for failure to state a claim if it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006). "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or in fact." *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Plaintiff alleges that he has been discriminated against in violation of the Americans with Disabilities Act. He received his Right to Sue letter from the EEOC on November 30, 2009. Plaintiff filed the instant suit on May 18, 2010, or approximately two and a half months past the statutory deadline. As in Title VII cases, a plaintiff must file his ADA complaint within 90 days of receiving the right-to-sue letter, or suit will be deemed untimely. 42 U.S.C. § 2000e-5(f)(1); *St. Louis v. Texas Workers' Compensation Comm'n*, 65 F.3d 43 (5th Cir. 1995); *Mooney v. Aramco Services Co.*, 54 F.3d 1207 (5th Cir. 1995); *Johnson v. City of Port Arthur*, 892 F.Supp. 835, 839 (E. D. Tex. 1995). Plaintiff concedes that his Complaint is untimely, but requests the Court to extend the deadline to file suit because Gonzales' father, who is his legal guardian and is the author of the Complaint, has suffered various health issues including shingles, gout, and chest pains; uses city transportation; lives in a small apartment with five others; must accompany his wife to her medical appointments; and has experienced word processing issues, further delaying his ability to file Plaintiff's Complaint.

Commencing an action within ninety days of receipt of a right-to-sue letter is not a jurisdictional prerequisite; therefore, the ninety-day requirement may be subject to tolling or waiver. *Espinoza v. Missouri Pacific R. Co.*, 754 F.2d 1247 (5th Cir. 1985). However, "[t]his requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002), cert. denied, 537 U.S. 1200 (2003). The burden is

to demonstrate grounds for equitable tolling is on the Plaintiff. *Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338, 340 (5th Cir. 1971). While the Magistrate Judge is sympathetic to Mr. Gonzales' plight, the undersigned has carefully reviewed the allegations in the Plaintiff's Motion to Extend and finds that the Plaintiff has not presented an adequate factual basis for equitable tolling.

The Supreme Court has listed some of the circumstances in which equitable tolling of the ninety-day period might be justified. *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). These include: (1) where notice from the EEOC does not adequately inform the Plaintiff of the requirement that suit be commenced within the statutory period; (2) where a motion for appointment of counsel is pending; (3) where the court itself has led the Plaintiff to believe that she has satisfied all statutory prerequisites to the suit; and (4) where the Defendant has, through affirmative misconduct, lulled the Plaintiff into inaction.

The Court finds that Plaintiff's assertions regarding his father's health conditions do not rise to the level of equitable tolling. The Supreme Court has stated that "equitable tolling . . . do[es] not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Because the Magistrate finds equitable tolling is inapplicable here this case is time barred and thus should be dismissed pursuant to § 1915. *See Rubell v. Edward Blank Associates of AT&T*, 156 F.3d 181 (5th Cir. 1998) (unpublished).

### III.  RECOMMENDATION

The Court **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion to Extend the EEOC Right to Sue Statute of Limitations (Clerk's Doc. No. 2) and **DISMISS** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2). Given this recommendation, the Court also recommends that Plaintiff's Request for Appointment of Counsel (Clerk's Doc. No. 3) be **DENIED AS MOOT.**

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 1st day of June, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE